NATHAN HANNER and another v. THE GREENSBORO BUILDING
AND LOAN ASSOCIATION.

*Building and Loan Association—Construction of Mortgage.*

Under a mortgage executed to a Building and Loan Association by a
stockholder to secure a loan of money, *it was held*, that only the
*actual* amount loaned and interest thereon and such sum as had
been paid by the Association for insurance was collectible; and in
such case the mortgagor was entitled to be credited with the actual
amount paid by him as installments.

CIVIL ACTION tried at December Special Term, 1877, of
GUILDFORD Superior Court, before *Buxton, J.*

This action was brought by the plaintiffs against the de-
fendants, Madison Graves and the Building and Loan Asso-
ciation of Greensboro, for a specific performance of a contract
of sale by said Graves of an undivided half of certain real
estate, the other half having been mortgaged by him to
defendant association to secure a loan of $500. The plain-
tiffs asked for a sale of the whole of the land and a division
of the proceeds between the parties entitled. Nelly Graves,
claiming to be the vendee of Madison's interest in the half
mortgaged as aforesaid, was made a party defendant, and
pending the action, she contracted to sell the same to one
Hugh Wilson. And thereupon the plaintiffs no longer de-
siring a sale agreed with Wilson to hold and use the same
as partnership property. Wilson then filed a petition in
the cause (to relieve said half from said mortgage) in which
he alleged that said association held a mortgage upon his
interest in said land to the amount of $500, and that Nelly
Graves had executed to him a bond for title to said land,
he agreeing to pay $1800 therefor, $900 of which had been
paid, and the balance payable in installments. And he
asked to be made a party plaintiff, and that the amount
due upon the mortgage may be ascertained and paid under

the order of the Court, so as to enable him and said plain-
tiffs to perfect their agreement to operate the mills on said
premises as partners, and to get a title for his part of the
land bought as aforesaid.   The prayer of this petition was
allowed and the case referred; and in the statement set out
in the report of the Referee, it was found that the amount
of the several incumbrances on the land was $325,56, as
follows:

| | | | | |
|---|---|---|---|---|
| To amount | mortgage to association | $500 | |
| " | " | pd. insurance on building | 12 | |
| " | " | decree in favor of D. & D. | 100 | |
| By | " | installments pd. association by Nelly Graves | | $248 |
| " | " | interest on same | | 38,44 |
| " | " | to balance | | 325.56 |
| | | | $612,00 | $612,00 |

The defendant association claiming a greater amount as
being due them excepted to the report, and insisted that
the sum due them under their regulations on account of
the transactions had with Madison Graves who had been
an owner of stock therein, was $365,56, as follows:

| | | | | |
|---|---|---|---|---|
| To amount of loan | | $500 | |
| " | " | difference on shares | 140 | |
| " | " | pd. for insurance | 12 | |
| By | " | installments pd. | | $248 |
| " | " | interest on same | | 38,44. |
| " | " | to balance | | 365,56 |
| | | | $652.00 | $652.00 |

The $140 as stated was claimed as the difference between
the amount at which Graves' shares were sold, ($500,) and
their present value under the regulations of the association
($640), being $35 on each share.   The exceptions were
overruled, and it was ordered that the report be confirmed.
From this ruling the defendant association appealed.

No counsel for plaintiffs.

*Messrs. Scott & Caldwell,* for defendant association.

*Mr. J. T. Morehead,* for defendant Graves.

READE, J.   The report of the Referee gives to the defendant association the amount of money loaned, $500, and interest thereon, and the amount expended for insurance, deducting only what was actually paid as installments. We do not think this is subject to any exception.

A point was made in the argument as to the status of Madison Graves in the association, and the terms of his reinstatement.   That is not involved in the report and exceptions, and therefore we do not consider it.

There is no error in the report, or in the order confirming it.   This will be certified to the end, that there may be the proper orders for the satisfaction of the mortgage, and for the title to the purchaser, &c.

No error.

PER CURIAM.                          Judgment affirmed.